IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN W. DILLON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 11-195 Erie |
| | ) |
| THE TIMKEN COMPANY, | ) |
| | ) |
| Defendant. | ) |

## Opinion

This is an action in which Plaintiff John Dillon seeks reimbursement of medical payments pursuant to the Employee Retirement Income Security Act ("ERISA"), 28 U.S.C. § 1132(a)(1)(B), under the retiree welfare benefit plan sponsored by Defendant, The Timken Company.

Mr. Dillon contracted prostate cancer in February 2008, and submitted a pre-service approval request for proton beam therapy at the University of Florida Proton Therapy Institute. The administrator denied the request for benefits, and subsequently denied Mr. Dillon's appeals. Mr. Dillon underwent the therapy and incurred costs in the amount of $9,119.31, for which he now seeks recovery. The parties have agreed to have this case decided by the Court on motion of the parties. Accordingly, Defendant filed a Motion for Judgment on the Administrative Record. For the reasons that follow we will grant Defendant's motion.

I.  **Background**

Mr. Dillon is retired from The Timken Company, and is covered for medical benefits through The Timken Company Welfare Benefit Plan, known as Plan No. 504, as amended effective January 1, 2007 (hereinafter the "Plan"). The Comprehensive Medical Plan and Prescription Program, also known as the Summary Plan Description, supplements and is incorporated into the Plan. The Plan is a fully self-funded welfare benefit plan governed by ERISA, with The Timken Company as the Plan Administrator and Plan Fiduciary for the Plan. The Timken Company has designated AultCare as the Claims Administrator for the Plan.

Mr. Dillon submitted a pre-service benefit request seeking approval under the Plan to undergo Proton Bean therapy to treat his prostate cancer. In response, AultCare delegated review of the request of its Medical Director, Gregory A. Haban, M.D., and an independent physician, Kevin A. Khater, M.D., a Board Certified Radiation Oncologist.

Dr. Khater reviewed Mr. Dillon's medical chart, the relevant Plan language, and other relevant information regarding the use of proton beam therapy for prostate cancer. Dr. Khater concluded that the proton bean therapy treatment would be considered experimental and/or investigational pursuant to Plan language. His opinion was that the there was insufficient data as to side effects and efficacy of proton beam therapy, and insufficient data as to the success, advantages and disadvantages of proton beam therapy as compared to conventional treatment options.

Dr. Haban reviewed Dr. Khater's report as well as Mr. Dillon's medical chart, the relevant Plan language, and other relevant information regarding the use of proton beam therapy

2

for prostate cancer. Dr. Haban also concluded that Mr. Dillon's request for approval of proton beam therapy should be denied as experimental or investigational.

On February 8, 2008, AultCare issued a denial letter to Mr. Dillon, in which it specifically and in detail set forth the reasons for its denial and cited the pertinent language from the relevant Plan documents it relied on in arriving at its conclusion.

Mr. Dillon timely appealed the February 8, 2008 denial of benefits letter. In response, AultCare submitted Mr. Dillon's request for approval of proton beam therapy to a different independent physician, Nena Mirkovic, M.D., a Board Certified Radiation Oncologist. Dr. Mirkovic reviewed the relevant material and concluded that the request should be denied as experimental or investigational. Dr. Mirkovic opined that more investigation into the efficacy and safety of the therapy was needed and that she was of the opinion that most radiation oncologists would agree.

On February 13, 2008, AultCare issued a letter to Mr. Dillon denying his appeal. Again, Aultcare specifically and in detail set forth the reasons for its denial and cited the pertinent language from the relevant Plan documents it relied on in arriving at its conclusion.

Mr. Dillon timely appealed the February 13, 2008 denial of his appeal. In response, AultCare reviewed the appeal with the Plan Fiduciary, the Timken Company. On March 24, 2008, AultCare issued a denial letter to Mr. Dillon. Aultcare advised Mr. Dillon that the reason for the denial was that the treatment was considered experimental and or investigational. AultCare again cited the pertinent language from the relevant Plan documents it relied on in arriving at its conclusion and noted that Mr. Dillon had now exhausted his administrative appeals.

## II. Standard of Review of ERISA Administrative Decision

The United States Supreme Court has held that denials of benefits challenged under 29 U.S.C. § 1132(a) "are to be reviewed *de novo* unless the plan under consideration gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, in which case an arbitrary and capricious standard applies." Gritzer v. CBS, Inc., 275 F.3d 291, 295 (3d Cir. 2002) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). A review of the Plan documents shows that the Plan in this case grants discretionary authority to the Plan Administrator. Therefore, we review the denial of benefits under an arbitrary and capricious standard, or for abuse of discretion

## III. Discussion

Under the abuse of discretion standard of review we cannot say that Defendant's decision to deny benefits was arbitrary or capricious, "without reason, unsupported by substantial evidence or erroneous as a matter of law." Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 392 (3d Cir. 2000). To the contrary, the administrative record conclusively shows that the Defendant undertook a careful review of Mr. Dillon's request for pre-approval of the proton beam therapy, including having two independent, well-qualified radiation oncologists review the relevant medical records and literature in light of the Plan's provisions. A review of the entire record in this case shows that the Defendant did not abuse its discretion. Accordingly, we will grant Defendant's motion for judgment on the administrative record and dismiss Plaintiff's complaint.

We note that Mr. Dillon failed to file appropriate pleadings in response to the Court's briefing schedule. Mr. Dillon failed to timely file a motion or brief as ordered, and failed to

request an extension of time to file. When Defendant pointed out Plaintiff's failure to timely file a pleading, Mr. Dillon filed a two-page document entitled Proposed Findings of Fact and Conclusions of Law, followed by an affidavit to authenticate the exhibits. Mr. Dillon never filed a motion or legal brief arguing for judgment in his favor, nor did respond to the issues raised by Defendant. We have reviewed Mr. Dillon's pleadings. There is nothing in the pleadings to show that the Defendant's decision to deny benefits was an abuse of discretion or was arbitrary or capricious. In response to Mr. Dillon's filings, Defendant filed motions to strike the pleadings. We will dismiss these motions as moot.

### IV.  Conclusion

The documents in this case overwhelmingly show that the Defendant did not abuse its discretion in its denial of benefits to Mr. Dillon. Accordingly we will grant Defendant's motion for judgment on the administrative record. An appropriate order will be entered.

Date: *August 26, 2013*                          *Maurice B. Cohill, Jr.*
                                                  Maurice B. Cohill, Jr.
                                                  Senior United States District Court Judge